UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERRY AND NIDA LONATRO, ET AL. | CIVIL ACTION |
| VERSUS | NO: 11-357 |
| ORLEANS LEVEE DISTRICT, SOUTHEASTERN LOUISIANA FLOOD PROTECTION AUTHORITY-EAST, and UNITED STATES ARMY, CORPS OF ENGINEERS | SECTION: "J" (5) |

**ORDER AND REASONS**

Before the Court are Defendants United States of America and United States Army Corps of Engineers' (collectively, the "Corps") **Motion for Reconsideration (Rec. Doc. 37)** and Plaintiffs' **Memorandum in Opposition (Rec. Doc. 39)**. The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. Bass v. U.S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit treats a motion for reconsideration challenging a prior judgment as either a motion "to alter or amend" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Federal Rule

1

of Civil Procedure 60(b).  Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1076 (5th Cir. 1994).  The difference in treatment is based on timing.  If the motion is filed within twenty-eight days of the judgment, then it falls under Rule 59(e).  Id.; FED. R. CIV. P. 59(e).  However, if the motion is filed more than twenty-eight days after the judgment, but not more than one year after the entry of judgment, it is governed by Rule 60(b).  Id.; FED. R. CIV. P. 60(c).  In the present case, the Corps's Motion for Reconsideration (Rec. Doc. 37) was filed on October 25, 2011, which is within twenty-eight days from the September 27, 2011 order finding the presence of subject matter jurisdiction under the Quiet Title Act ("QTA"), 28 U.S.C. § 2409a.  As a result, the motion is treated as a motion to alter or amend under Rule 59(e).

   Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts.  Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004).  A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence."  Id.; see also Schiller v. Physicians Res.

Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003).  Manifest error is defined as "'[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence.'"  In Re Energy Partners, Ltd., 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (citations omitted); see also Pechon v. La. Dep't of Health & Hosp., 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (manifest error is one that "'is plain and indisputable, and that amounts to a complete disregard of the controlling law'") (citations omitted).

   The Fifth Circuit has noted that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment."  Templet, 367 F.3d at 478-79.  Nor should it be used to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction."  Voisin v. Tetra Technologies, Inc., 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010).  Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law

or fact.  <u>Schiller</u>, 342 F.3d at 567; <u>Ross v. Marshall</u>, 426 F.3d 745, 763 (5th Cir. 2005) (to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence").

In this case, Plaintiffs do not rely on an intervening change in controlling law since the Court's October 25, 2011 Order and Reasons (Rec. Doc. 35).  Moreover, Plaintiffs have not pointed to any newly discovered  evidence previously unavailable, nor have they established a manifest error of fact.  The thrust of the Corps's argument is that this Court erred as a matter of law.  However, as noted below, because the Court finds that it did not manifestly err as a matter of law, it stands by its prior decision.

The thrust of the Corps's motion is to re-urge arguments already rejected or otherwise taken into consideration in the Court's prior ruling:  that a waiver of sovereign immunity is strictly construed and that the Corps is not truly "claiming an interest" within the meaning of the QTA.  Clearly, these arguments may not now be re-urged.  However, the Court notes the following new arguments raised by the Corps in the instant motion.

The portions of the QTA cited by the Corps do not

4

demonstrate a disregard of controlling law in the prior order. The statute requires a plaintiff suing under the QTA to "set forth with particularity" the nature of the plaintiff's interest and the interest claimed by the United States in the property. 28 U.S.C. § 2409a(d).  However, this appears to be a pleading requirement, as opposed to one that invokes subject matter jurisdiction.[1]  The Corps also suggests that because it is disclaiming an interest in the subject property via opposing QTA jurisdiction, there is no jurisdiction.[2]  This cannot be correct. Even if the Corps later disclaims its interest, presently it is claiming an interest through its continuing use of the right-of-entry granted by the Orleans Levee District (the "OLD") to use the OLD's purported servitude.  The Government cannot "have it both ways."  It cannot defeat QTA jurisdiction and obtain dismissal of Plaintiffs' suit where it will continue—albeit, the Corps alleges, for a finite amount of time during the levee

---

[1] The Corps previously, in a footnote in its prior brief, urged this "particularity" requirement of Section 2409a(d), but stated that the United States reserved its 12(b)(6) defenses to be asserted later, if necessary. Rec. Doc. 34, at 5 n.7.  There has been no such motion before the Court.

[2] See 28 U.S.C. § 2409a(e) ("If the United States disclaims all interest in the real property or interest therein adverse to the plaintiff at any time prior to the actual commencement of the trial, which disclaimer is confirmed by order of the court, the jurisdiction of the district court shall cease unless it has jurisdiction of the civil action or suit on ground other than and independent of the authority conferred by section 1346(f) of this title.").

repair period—to claim an interest through performing construction activities on and adjacent to Plaintiffs' land.

The Corps's remaining arguments also fail to meet the Rule 59(e) standard for reversing a prior decision. The Corps cites no case supporting its assertion that the right-of-entry pursuant to which it has occupied the lands at issue is merely a contractual interest, rather than a real property interest.[3] The federal "cloud-on-title" cases cited by the Corps do not demonstrate an error in the Court's prior ruling. The Corps cites what it essentially considers to be paradigmatic cloud-on-title cases, which do not prove that the Corps's interest in *this* case does not cloud the title that Plaintiffs claim. Nor does the Court find persuasive the argument that if the Court ultimately grants the Plaintiffs relief against the Corps, there would still be a cloud on title presented by the OLD servitude. Even though the Corps's alleged right is derivative of the OLD's

---

[3] Indeed, the parties provided little to no briefing on the characterization of a "right of entry" under state law. The Court can find no Louisiana jurisprudence clearly characterizing the nature of such a right, but notes that under the laws of other states, such a right can be a real property right.  See, e.g., Trustees of Tufts College v. Triple R. Ranch, Inc., 275 So. 2d 521, 526 (Fla. 1973); Associated Enterprises, Inc. v. Toltec Watershed Improvement Dist., 578 P.2d 1359, 1364 (Wyo. 1978) (referring to a "right of entry" as an "easement"); McDonald v. Unirex, Inc., 718 P.2d 316, 317 (Mont. 1986) (concluding that a "mineral reservation right of entry is an easement"). Under Louisiana law, a contractually created right can constitute a right in real property.  See LA. CIV. CODE art. 740 cmt. c. (Westlaw 2008) (providing that conventional servitudes may be established by contract).

alleged right, the Court has jurisdiction to determine the rights of both defendants in one proceeding. Finally, <u>Succession of Rovira v. Board of Comm'rs of Port of New Orleans</u>, 418 So. 2d 1382, 1389 (La. App. 4th Cir. 1982) merely held that a right of entry is insufficient to constitute "just title" for purposes of acquisitive prescription under the Louisiana Civil Code. However, Plaintiffs do not allege that the Corps claims an ownership interest by virtue of "just title," and as this Court previously found, QTA jurisdiction is not limited to contests regarding ownership.

Lastly, to clarify, the Court did *not* state that the QTA permits Plaintiffs to seek damages against the Corps. <u>See</u> Rec. Doc. 37-1, at 18 (citing Rec. Doc. 35, at 24) (the Corps asserting that the Court construed the QTA to grant jurisdiction over the landowners' claims for damages against the United States). Rather, the cited portion of this Court's opinion states that the Court has jurisdiction over Plaintiffs' alternative claims for compensation, should the Plaintiffs prevail and the Government choose to retain title. Rec. Doc. 35, at 24 ("Plaintiffs request compensation from the Corps as a result of their alleged present ownership, not as damages for a prior taking. Therefore, the Court holds that jurisdiction is

proper under the QTA, not the Tucker Act."). The Court dismissed the damages claims brought against the Corps. See id. at 31-32 (dismissing state law tort and takings claims). The Court finds that the Corps's reasons for seeking reconsideration are based on evidence and arguments previously heard and considered by the Court, and the Court's previous ruling was not based on an erroneous view of the law or an erroneous assessment of the evidence.[4] Accordingly,

For the foregoing reasons, **IT IS ORDERED** that the Corps's **Motion for Reconsideration (Rec. Doc. 37**) is hereby **DENIED.**

New Orleans, Louisiana, this 19th day of December, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes the Corps's assertion that *sua sponte* certification for interlocutory appeal by this Court presents difficulties for the United States and that the Government may wish to move for re-certification. The Court will entertain any motion for re-certification at the time such is filed and will give it whatever consideration it merits. The Court also notes the copy of Judge Berrigan's decision in United States of America v. 6.17 Acres of Land, Civil Action No. 10-4569 (October 27, 2011), which the Corps provided to this Court. With due respect for that decision and its potentially different interpretation of the QTA, it is not binding in this case and does not demonstrate that the Corps has met its Rule 59(e) standard.